IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER D. CHIDESTER-ROESCH,
individually and as independent executor
of the ESTATE OF DENNIS J. CHIDESTER
and the ESTATE OF CAROLYN CHIDESTER,

                                ORDER

               Plaintiffs,

                             13-cv-521-bbc

     v.

CAMP DOUGLAS FARMERS COOPERATIVE,
TRIANGLE INSURANCE COMPANY, INC.
and UNITED HEALTHCARE SERVICES, INC.,

               Defendants,

     v.

C.H.S., INC. and ZURN PEX, INC.,

               Third Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Jennifer Chidester-Roesch, estate of Dennis Chidester and estate of Carolyn Chidester are suing defendant Camp Douglas Farmers Cooperative for negligently installing a propane tank that later exploded and killed Dennis and Carolyn. Plaintiffs identify defendant Triangle Insurance Company as the cooperative's insurer and defendant United Health Services as an entity that paid some of Dennis's and Caroyln's medical expenses before they died. Defendants Camp Douglas and Triangle have filed third party complaints against CHS, Inc. and Zurn Pex, Inc., who are identified as the propane supplier and the

1

manufacturer of the flexible conduit.

A review of plaintiffs' complaint raises questions about subject matter jurisdiction that must be resolved before I can allow the case to proceed. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.") (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998)). Plaintiffs rely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that (1) plaintiffs and defendants are citizens of different states and (2) the amount in controversy exceeds $75,000. Although plaintiffs' complaint appears to satisfy the amount in controversy requirement, it does not show that plaintiffs and defendants are citizens of different states.

In the complaint, plaintiff Chidester-Roesch alleges that she is a "resident" of Illinois. In addition, she says that the estates of Dennis Chidester and Carolyn Chidester are pending in court in Illinois. These allegations are inadequate for two reasons. First, an individual's citizenship under § 1332 is determined not by her residency, but by her "domicile," which is "the state in which [she] intends to live over the long run." Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012). The Court of Appeals for the Seventh Circuit has stated in numerous cases that allegations about residency are not enough. In re Sprint Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary . . . . [A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses."). See also Heinen, 671 F.3d at 670 ("'[C]itizenship' for the purpose of 28

2

U.S.C. § 1332 depends on domicile rather than residence."); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998). Thus, plaintiff Chidester-Roesch must identify not just where she lives, but whether she intends to remain there.

Second, because plaintiff Chidester-Roesch is suing on her own behalf as well as in her capacity as the legal representative of the estates of Dennis Chidester and Carolyn Chidester, it is necessary to determine not only Chidester-Roesch's citizenship, but also the citizenship of the decedents at the time they died. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."); Hunter v. Amin, 583 F.3d 486, 491-92 (7th Cir. 2009) (no subject matter jurisdiction under § 1332 in case brought by representative of estate without showing decedent's citizenship at time of death). Plaintiffs say nothing about the citizenship of Dennis and Carolyn. It may be that they were citizens of the state in which their estate is pending, but I cannot simply assume that.

With respect to the citizenship of defendants, plaintiff alleges that defendant Triangle is a "foreign corporation" with a principal place of business in Oklahoma; defendant Camp Douglas is a "Wisconsin membership cooperative" with a principal place of business in Wisconsin; and defendant United Healthcare is a "foreign corporation" with a principal place of business in Minnesota. (It is not necessary to determine the citizenship of the third party defendants. 28 U.S.C. § 1367(a); Aurora Loan Services, Inc. v. Craddieth, 442 F.3d 1018, 1025 (7th Cir. 2006); Fidelity & Deposit Co. of Maryland v. City of Sheboygan Falls,

3

713 F.2d 1261, 1266 (7th Cir. 1983).) Plaintiff's allegations are inadequate with respect to each of these defendants.

With respect to defendants Triangle and United Healthcare, corporations are citizens of the states in which they are incorporated and the states in which they maintain their principal place of business. 28 U.S.C. § 1332(c)(1). Although plaintiffs identify defendants' principal places of business, they do not say where the defendants are incorporated.

With respect to defendant Douglas Camp, plaintiff does not say explicitly whether it is incorporated. If it is, plaintiff must identify its state of incorporation. Otherwise, plaintiff must identify the citizenship of each of defendant Douglas Camp's members. Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314, 316 (7th Cir. 1998) ("Unincorporated business entities . . . are treated as citizens of every jurisdiction in which any equity investor or member is a citizen . . . . Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member.").

Finally, I note that defendant United Healthcare may be aligned improperly. Generally, the fundamental question regarding proper alignment is whether that party's interests are adverse to the plaintiff's. American Motorists Insurance Co. v. Trane Co., 657 F.2d 146, 151 (7th Cir. 1981); Estate of Pickard ex rel. Pickard v. Wisconsin Central Ltd., 300 F. Supp. 2d 776 (W.D. Wis. 2002). If the only reason plaintiff named United Healthcare is that it may be entitled to reimbursement in the event that plaintiff obtains damages from the other defendants, it would be in United Healthcare's interest for plaintiff to prevail on her claims, suggesting that plaintiff and United Healthcare should be on the

4

same side. E.g., Paulson v. Wisconsin Central, Ltd. No. 11-cv-303-bbc, slip op. at 3 (W.D. Wis. Jul. 19, 2011) (insurance company subrogated to plaintiff's rights against defendant properly aligned as plaintiff); Frahm v. Marshfield Clinic, 2007 WL 3287841, *2 (W.D.Wis. Nov. 7, 2007) (realigning insurance company as plaintiff because its "only interest in this lawsuit is in recovering money it has already paid to plaintiff; it may be entitled to do so if plaintiff is successful in her claims against defendants"). See also In re Novak, 932 F.2d 1397, 1408 (11th Cir. 1991) ("[I]nsurers generally have litigation interests aligned with their insured's interests: the insurer either must indemnify its insured (the defendant) or has subrogation rights to any judgment secured by its insured (the plaintiff).").

It may be that it will make no difference under § 1332 whether defendant United Healthcare is aligned as a defendant or a plaintiff. However, in the event that plaintiff's response to this order shows that United Healthcare's citizenship is the same as one of the other parties, plaintiff should be prepared to explain how she believes United Healthcare should be aligned.

ORDER

IT IS ORDERED that plaintiff Jennifer Chidester-Roesch may have until November 25, 2013 to show that this court may exercise subject matter jurisdiction as discussed in this order. If plaintiff does not respond by that date, I will dismiss the case for lack of subject

matter jurisdiction.

Entered this 7th day of November, 2013.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge