IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY CHIDESTER and NICHOLE
CHIDESTER, Individually and as Parents and
Next Friends of SYDNEY CHIDESTER, a Minor,

                Plaintiffs,                      OPINION AND ORDER

        v.                              13-cv-520-bbc

CAMP DOUGLAS FARMERS COOPERATIVE,
TRIANGLE INSURANCE COMPANY, INC.
and HEALTH CARE SERVICE CORPORATION
ILLINOIS STATE PAC, NFP, d/b/a BLUE
CROSS BLUE SHIELD OF ILLINOIS.

                Defendants.

        v.

CHS, INC. and ZURN PEX, INC.,

                Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JENNIFER D. CHIDESTER-ROESCH,
individually and as independent executor
of the ESTATE OF DENNIS J. CHIDESTER
and the ESTATE OF CAROLYN CHIDESTER,

                              OPINION AND ORDER

               Plaintiffs,                13-cv-521-bbc

        v.

CAMP DOUGLAS FARMERS COOPERATIVE,
TRIANGLE INSURANCE COMPANY, INC.
and UNITED HEALTHCARE SERVICES, INC.,

                Defendants,

v.

C.H.S., INC. and ZURN PEX, INC.,

Third Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Several matters are before the court in these related negligence cases.  First, plaintiffs have responded in both cases to the court's order to show that subject matter jurisdiction is present.  Second, plaintiffs in case no. 13-cv-520-bbc have filed a motion for leave to amend their complaint to substitute Chicago Regional Council of Carpenters Health and Welfare Fund for Health Care Service Corporation Illinois d/b/a Blue Cross Blue Shield of Illinois. Third, plaintiffs in both cases have moved to strike various affirmative defenses that defendants asserted in their answers.

With respect to subject matter jurisdiction in case no. 13-cv-520-bbc, plaintiffs have alleged that each of them is a citizen of Illinois, defendant Triangle Insurance Company is a citizen of Oklahoma and defendant Camp Douglas Farm Cooperative is a citizen of Wisconsin, so diversity of citizenship is present among plaintiffs and these defendants for the purpose of jurisdiction under 28 U.S.C. § 1332.  Plaintiffs allege that proposed new defendant Chicago Regional Council of Carpenters Health and Welfare Fund is a citizen of Illinois.  Although plaintiffs are citizens of Illinois as well, I agree with plaintiffs that, as a subrogated insurer, the fund's interests are aligned with plaintiffs', so it should be realigned as a plaintiff for the purpose of § 1332.  Accordingly, I will grant plaintiffs' motion for leave to amend their complaint with the condition that plaintiffs move to realign the fund as a

2

plaintiff promptly after service.

With respect to subject matter jurisdiction in case no. 13-cv-521-bbc, plaintiffs allege that Jennifer Chidester-Roach is a citizen of Illinois, Carolyn Chidester and Dennis Chidester were citizens of Illinois at the time they died, defendant Triangle Insurance is a citizen of Oklahoma, defendant Camp Douglas Cooperative is a citizen of Wisconsin and defendant United Healthcare Services, Inc. is a citizen of Minnesota.  Although United Healthcare's citizenship is diverse from all the other parties, I will grant plaintiffs' request in their response to realign United Healthcare as a plaintiff.

Although I conclude that plaintiffs' *allegations* of diversity are sufficient at this stage of the case, defendants remain free in the context of a motion for summary judgment to challenge the way in which plaintiffs have characterized the citizenship of any party. Further, although most of the evidence plaintiffs' cite to show the parties' citizenship seems to satisfy the Federal Rules of Evidence, there is one exception.  In case no. 13-cv-520-bbc, plaintiffs acknowledge that the citizenship of the fund is determined by the domicile of each of its trustees.  Grede v. Bank of New York Mellon, 598 F.3d 899, 901 (7th Cir. 2010). However, the only support that plaintiffs provide for the proposition that each trustee is domiciled in Illinois is a conclusory affidavit from the fund's administrator, dkt. #49, who does not provide any foundation for her belief about the domicile of the trustees.  In a footnote, plaintiffs suggest that the fund's citizenship is irrelevant because the fund is properly aligned as a plaintiff, dkt #46 at 3 n.3, but that is mistaken.  If the fund is aligned as a plaintiff, it means that the fund's citizenship need not be diverse from the plaintiffs'

3

citizenship, but it is still necessary to determine whether its citizenship is diverse from defendants' citizenship. Thus, before this court can issue a decision on the merits in this case, plaintiffs will have to come forward with more specific evidence regarding the fund's citizenship. However, because the case is only at the pleading stage, I may accept plaintiffs' allegations of diversity of citizenship as true for now. United Transportation Union v. Gateway Western Railway Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (at pleading stage, court must accept "well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor").

This leaves plaintiffs' motion under Fed. R. Civ. P. 12(f) to strike the affirmative defenses that defendants Camp Douglas and Triangle Insurance raised in both 13-cv-520-bbc and 13-cv-521-bbc. First, plaintiffs argue that the following issues are not properly characterized as affirmative defenses:

- defendants' denial that they are "liable to Plaintiff under any theory of law and/or facts as set forth in Plaintiff's Complaint";

- defendants' denial that any negligence by them "was not the direct and proximate cause or causally related to any injury alleged by Plaintiff";

- "Plaintiff's Complaint fails to state claims upon which relief can be granted, and thus, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)";

- "Plaintiff's claims are barred because [defendants] complied with all applicable statutes, codes and regulations";

- "No action or inaction by [defendants] was the proximate cause of the plaintiff's damages, if any";

- defendants' denial that "Plaintiff is entitled to punitive damages, interest, attorney's fees, costs or any other expenses or damages from"

4

defendants;

- "Plaintiff failed to join necessary parties."

I agree with plaintiffs that these allegations are denials of the elements of plaintiffs' claims rather than affirmative defenses, but I see no reason to strike them. Plaintiffs do not identify any prejudice that they will suffer as a consequence of allowing defendants to allege affirmatively that they believe that plaintiffs cannot prove their claims.

With respect to the remaining issues that defendants raise as affirmative defenses, plaintiffs argue that defendants have failed to allege enough facts under Fed. R. Civ. P. 8 to give plaintiffs notice of the defense.  These defenses are laches, waiver, estoppel, contributory negligence, unclean hands, assumption of risk, failure to mitigate damages, open and obvious dangers, unjust enrichment, statute of limitations, real party in interest, personal jurisdiction, venue, failure to comply with conditions precedent to suit, damage caps and "any or all affirmative defenses contemplated by Wisconsin law."  In response, defendants do not deny that they failed to include facts supporting their defenses, but they argue that the federal rules do not require them to include those facts.

The parties cite dueling district court decisions on the question whether the plausibility requirement for complaints articulated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007), apply to affirmative defenses.  <u>Compare</u> <u>FDIC v. Vann</u>, 11 C 3491, 2013 WL 704478 (N.D. Ill. Jan. 23, 2013) (applying plausibility standard to affirmative defenses); <u>Massenberg v. A & R Security Services, Inc.</u>, 10 C 7187, 2011 WL 2909364 (N.D. Ill. July 18, 2011) (same) <u>with</u>

Chiancone v. City of Akron, 5:11CV337, 2011 WL 4436587 (N.D. Ohio Sept. 23, 2011) (declining to apply Twombly and Iqbal to affirmative defenses); Leon v. Jacobson Transportation Co., Inc., 10 C 4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010) (same). The Court of Appeals for the Seventh Circuit has not addressed this issue.

In support of their view, defendants argue that the pleading of affirmative defenses is governed by Fed. R. Civ. P. 8(b) while claims are governed Fed. R. Civ. P. 8(a). Unlike Rule 8(a), Rule 8(b) does not include a requirement that the pleading "sho[w] that the pleader is entitled to relief." Rather, the only requirement is to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). In addition, defendants say that because affirmative defenses cannot be used to extract a settlement and do not expose a plaintiff to expensive discovery to the same extent that claims do, it is less important to insure that defenses have factual support at the outset. Finally, defendants say that requiring them to plead facts in support of their affirmative defenses would prevent them from raising the defenses with their answer in many cases.

Defendants make a persuasive case in support of a view that the requirements for pleading affirmative defenses are not as rigorous as pleading claims. However, a conclusion that the standards are less rigorous is not the same as a conclusion that a defendant need not plead *any* facts in support of a defense. In Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1295 (7th Cir. 1989), the court affirmed a decision to grant a motion to strike affirmative defenses that were "nothing but bare bones conclusory allegations" and that "omitted any short and plain statement of facts." Heller is the only case that either side

6

cites in which the Court of Appeals for the Seventh Circuit considered the sufficiency of an affirmative defense and neither side cites any authority undermining Heller. This is a problem for defendants because they make no attempt to show that their affirmative defenses are anything other than "bare bones conclusory allegations."

There is some force to an argument that requiring parties to plead facts with their affirmative defenses makes it difficult for them to plead defenses before discovery. However, the alternative rule suggested by defendants would allow parties simply to bombard their opponent with a laundry list of affirmative defenses without making *any* individualized inquiry into whether a particular defense actually applies to the facts of the case. Under that system, it is not clear how the affirmative defense provides any helpful notice to the other side. Rather, it seems to serve no purpose except to reserve the defendant's rights to the maximum extent possible.

Further, by asking the court for permission to plead a defense before having any idea whether it applies, defendants in essence are asking the court for permission to violate Fed. R. Civ. P. 11, which requires a party to conduct "an inquiry reasonable under the circumstances" before asserting any claim or defense to a court and to determine whether any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Rule 11 applies to *any* document filed with the court, not just complaints. Thus, regardless whether Twombly and Iqbal apply to affirmative defenses, Rule 11 prohibits a party from listing an affirmative defense without any factual basis for

doing so.

Accordingly, I am granting plaintiffs' motion to strike the affirmative defenses of laches, waiver, estoppel, contributory negligence, unclean hands, assumption of risk, failure to mitigate damages, open and obvious dangers, unjust enrichment, statute of limitations, real party in interest, personal jurisdiction, venue, failure to comply with conditions precedent to suit, damage caps and "any or all affirmative defenses contemplated by Wisconsin law." Of course, defendants are free to file a timely amendment to their answers to reassert any of the stricken affirmative defenses once they have factual support.

ORDER

IT IS ORDERED that

1. The motion filed by plaintiffs Jeffrey Chidester, Nicole Chidester and Sydney Chidester in case no. 13-cv-520-bbc for leave to amend their complaint to substitute Chicago Regional Council of Carpenters Health and Welfare Fund for Health Care Service Corporation Illinois d/b/a Blue Cross Blue Shield of Illinois, dkt. #36, is GRANTED.

2. Plaintiffs may have until January 10, 2014, to file and serve their amended complaint on Chicago Regional Council of Carpenters Health and Welfare Fund and move to realign the fund as a plaintiff.

3. Defendant United Healthcare Services, Inc. is REALIGNED as a plaintiff in case no. 13-cv-521-bbc.

4. Plaintiffs' motions to strike the affirmative defenses asserted by defendants Camp

Douglas Farmers Cooperative and Triangle Insurance Company in case no. 13-cv-520-bbc, dkt. #19, and case no. 13-cv-521-bbc, dkt. #26, are GRANTED with respect to the following affirmative defenses:  laches, waiver, estoppel, contributory negligence, unclean hands, assumption of risk, failure to mitigate damages, open and obvious dangers, unjust enrichment, statute of limitations, real party in interest, personal jurisdiction, venue, failure to comply with conditions precedent to suit, damage caps and "any or all affirmative defenses contemplated by Wisconsin law."  These affirmative defenses are STRICKEN without prejudice to defendants' refiling a timely amended answer once it is determined whether the defenses have factual support.  The motion is DENIED in all other respects.

Entered this 9th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge